LENISE SKINNER SYKES,21405-048
FEDERAL MEDICAL CENTER, CARSWELL
UNIT ONE/SOUTH
P.O. BOX 27137
FORT WORTH, TEXAS 76127

RECEIVED
BY MAIL
JAN 13 2005
CLERK, US DIST. COURT
ST. PAUL, MN

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

AT ST. PAUL, MINNESOTA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | CASE NUMBER/DOCKET NO:0:02CR00261-002 (DWF/SRN) |
| VS. | ) | REAPPOINTMENT OF PREVIOUS DEFENSE |
| LENISE GIVENS SKINNER SYKES | ) | COUNSEL . |

COMES NOW the petitioner and moves this Honorable Court, to reappoint the petitioner previous defense counsel, to represent the petitioner regarding the matter of correcting the petitioner J/C. As bases for the relief sought herein, the petitioner set the following statements in support of this Motion.

1. The petitioner herein entered a Plea of Guilty, by entering into a Plea Agreement with the United States Attorney via Assistant JOHN MARTI .

2. The conditions of the Plea-Agreement were very factual.

a. the petitioner would enter a guilty plea to two federal charges. 1). Money Laundering. and 2). Wire Fraud.

3. In return for the petitioner Plea of Gulity, the United States of America, by and through the Assistant United States Attorney agreed to the following.

b. that the petitioner would not have to serve more than 21 months in Federal Prison. Putting a Cap on this time frame and

SCANNED
JAN 14 2005
U.S. DISTRICT COURT ST. PAUL

this Honorable Court, agreed to this point.

4. In addition to this term as set forth in par.3 herein. The plea-agreement stated that since the petitioner would recieve a 500 hour Recommendation for the in house drug program, commonly known as RDAp. This was based upon the facts, that the petitioner was given Criminal History Points for two seperate DUI'S. That were charged against the petitioner Federal Sentence.

5. In addition to these terms as set forth in pars. 3 and 4 herein. It was agreed upon by the Parties that the petitioner upon her release from prison, that the petitioner would not go to Maryland, Michigan and Minnesota. Because there was a security issue that could result in the petitioner death, if she returned to the areas. Do to the petitioner position with Black Mafia.

6. In addition the Court made the petitioner aware that she could appeal the petitioner conviction. And the petitioner did not see any reason to at that time. To excerise her right to Appeal.

However, the petitioner now finds the need to try to avoid filing anything. But the United States BOP'S, has done everything this Honorable Court, the United States Attorney Office, representing this United States District, and the conditions of the petitioner Plea -Agreement.

7. This Honorable Court Sentenced the petitioner to two 33 Months Prison Sentences. To run Currently with each other. And to run currently with the Petitioner Federal Prison Sentence out of the United States District of Maryland.

8. Out of the two 33 month prison sentence, the petitioner would serve 21 months consectively..

9. However, by the time the petitioner got sentenced by this Honorable Court, the petitioner did not have 33 months left to serve on

her Orginial Maryland Conviction. The facts are very clear. And all this Court has to do is have Mr. TYEITE verify these facts.

c. the petitioner was sentenced on Jan 31, 2003 to 57 months in Custody of the United States Attorney General.

d. the petitioner had 11 months of J/C. This can not be disputed.

e. if you deduct 85% of the remaining months to serve the petitioner would have 39 month 10 remaining to serve on her orginial Federal Sentence arising out of the United States District of Maryland. On Jan 31st, 2003.

f. the petitioner was Sentenced Feb. 2004, by this Honorable Court. By the time the petitioner was sentenced, the petitioner had 28 mos 10 days left to serve on her Orginal Federal Sentence. Not 27.mos 10 days, because the petitioner has lost 27 good days due to an Incident Report.

g. therefore, when this Court told the petitioner that her two 33 months Federal Sentences were running currently with her Federal Conviction out of the District of maryland. While they may have been running concurrently, instead of Maryland conviction eating up all but 21 months of the petitioner Federal Conviction arising out of this honorable Court. This Federal Conviction over-rode the Federal Conviction in Maryland. And caused the petitioner to serve MORE PRISON THAN THE 21 MONTHS, THAN WAS IMPOSED. WHICH IS IN TOTAL VIOLATION OF THE PLEA Agreement.

Instead of the United States BOP'S by and through the Inmate Management System Manager going by the actual J/C issued by this Court. Robin Barnes appears to have altered both the petitioner J.C. insofaras, he recaluated the petitioner first Federal Sentence by using the wordage of Plara.

The wordage of PLRA allow's for two PLRA Sentencing being ran together, or aggregiated. However, there is no Sentencing Act that allows a employee of the United States BOP'S to alter the Judgement of any Federal or State Judge/Court.

There is noway of this earth, that respondent Barnes can justify recaluating the petitioner Federal Sentences. But should have advised this Honorable Court, that the Sentence was not clear.

The petitioner in noway has violated any part of her Plea Agreement. It is the United States BOP'S that has violated the petitioner Plea-Agreement.

The point at hand, and the petitioner agree's, that this Court was mislead because Mr. **TVEITE** the Probation Officer was mislead as to when the petitioner Federal Conviction arising out of Maryland ended. That is why, on the petitioner J/C it clearly states that the petitioner Federal Sentence from this Court ( the 21 months), is to Start when the petitioner Federal Sentence ends in May of 2005. See the petitioner Exhibit " A", annexed hereto, made a part hereof.

If that had of been true and the petitioner Sentence in Maryland would have ended in May of 2005. The petitioner out date would have been November 2006.

Nonetheless, the petitioner is serving to much Prison time. More prison time then the Court, the petitioner, the United States had agreed the petitioner would serve. And thus, either the J/C should be corrected. By holding a hearing. Or allowing the petitioner previous attorney to submit a Motion to correct the error. That is currently within the Petitioner J/C, the error that only this Court can correct. Not Mr. Robin Barnes or his crew in the ISM Officer, here at Federal medical center, Carswell. Or the petitioner Conviction Your Honor can not stand.

In addition Your Honor why Counsel must be appointed to correct yet another matter that involed the Petitioner Plea-Agreement that attacks this Honorable Court J/C as well as the Honorable Judge Messitte J/C.

Calling this Court's attention that the petitioner objected to be given Criminal History Points, for the two seperate DUI'S. Both this Honorable Court and the Honorable Judge Messetti, not only lodge these criminal points against the petitioner, which counted against the petitioner Federal Sentences. But lead the Court to impose the following as set forth in both J/CS.

UNITED STATES DISTRICT OF MINNESOTA:

The petitioner will reframe from the use of Alchol

The petitioner will enroll in a drug program approved by the P.O.

And among others this Court Recommended the petitioner to be involed in the 500 Hour Inhouse Drug Program. All of the terms set forth in the J/C were based upon the PO Investigator Mr. Tveite . Pursuant to Tilt 18 USC §3552.

UNITED STATES DISTRICT OF MARYLAND J/C.

The petitioner will reframe from using Alchol. The petitioner will enroll in a Drug and Alchol Program approved by her PO.

The petitioner will not Hold a Fiducary Position while on Supervise Release.

The petitioner will submit to Alchol and Drug Testing. ETC.

These Conditions was adopted by this Court Pursuant to Title 18 USC § 3552.

In various cases were the Pre-Court Investigator, like Mr. Matthew G. Tveite, who made various statements and recommendations to this Court. The petitioner did not Object and the Court accepted the statements and recommendations of Mr. Matthew G. Tveite. The statements became Legal Facts, in the petitioner PSI and Judgement of Conviction.

The only way any facts contained in the PSI and Judgement of Conviction can be challenged, once the Court has adopted the facts and Recommendations. Is based upon New evidence or a New law that has passed or the Sumpreme Court has entered a Constutitional Ruling ( such as Blakely, FANFAN and Booker).

However, the United States BOP'S, via RDAP via MS. Huggins has now stated that two seperate Courts and two seperate Pre-Court Investigators who have verified that I do in fact have an Alchol Program.(And that the petitioner has often gone to AA, here at FMC, Carswell). That the petitioner does not have any Alchol oand Drug Problem. Despite the fact that Mr. Matthew G. Tveite, telephoned FMC, Carswell and represented to this Court, the United States of America, the defense Counsel and the petitioner that the petitioner would be put into RDAP. But had to transfer. And this was part of the petitioner Plea-Agreement and is on the record.

Well if the United States BOP'S/RDAP is correct. Then the petitioner J/C from both Court is immediately under Collatral Attack. And the stands to be reversed. Of course the petitioner has a drinking problem. And the petitioner has never denied this. It is the truth. But if the BOP'S is allowed to denie that the petitioner does not have a drug addition ( such as in this case at bar alchol). Then this Court nor the Court in Maryland can make the terms of Condition stand based upon the new evidence recently discovered by MS. Huggins on December 27th, 2004. Therefore,this Court and the Maryland Federal

must Modify it's J/C and remove the Conditions dealing with Drug and Alchol issues. It's as simply as that.

Wherefore, the petitioner Pray's to God first and then to this Honorable Court, that all facts considered herein. That the Petitioner Previous Defense Attorney **NANCY VANDERHEIDER**. Be appointed to address the issue of the petitioner Computation and the issue that are in direct violation of the Petitioners Plea-Agreement. That has been cause first by Robin Barnes altering the Petitioner J/C. And the Courts Imposition of the time the Petitioner has to serve in prison. And secondly under the New Evidence clauses the removal of all Alchol and drug treatment, as set forth in the petitioner current J/C now lodged against the petitioner by this Honorable Court. And for all other relief this Court deems proper and just.

DATED: december 30th, 2004.

RESPECTFULLY, SUBMITTED

Denise Givens Sykes

# United States District Court esp

## District of Maryland

cc: lit & s Linner

UNITED STATES OF AMERICA

v.

LENISE SYKES
a/k/a Lenise Hawkins
a/k/a Lenise Givens
a/k/a Zina Swinton

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: PJM-00-0234

Defendant's Attorney: ROGER W. HALE

Assistant U.S. Attorney: DEBORAH JOHNSTON

**THE DEFENDANT:**

- [X] pleaded guilty to count 1 of the Indictment
- [ ] pleaded nolo contendere to count(s) ____________, which was accepted by the court.
- [ ] was found guilty on count(s) ____________ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy | 2000 | 1 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) ____________
- [ ] Count(s) ____________ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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
Defendant's Date of Birth: 2/8/50
Defendant's U.S.M. No.: 21405-048

Defendant's Residence Address:
15800 Gardner Road
Waldorf, MD 20601

Defendant's Mailing Address:
SAME AS ABOVE

JANUARY 31, 2003
Date of Imposition of Judgment

[signature] 2/5/03
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE
Date

Name of Court Reporter: SIMPKINS

I hereby attest and certify on 2/5/03 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

[signature] Deputy

FEB 5 3 57 PM '03

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 57 months as to Count 1 of the Indictment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at __________ a.m./p.m. on ____________________.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

☐ before 2 p.m. on ____________________.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on 2-5-2003 to FMC Carswell at Ft Worth, TX
______________________, with a certified copy of this judgment.

Lucy Mallisham
Warden

~~UNITED STATES MARSHAL~~

By: RHernandez, LLC
~~DEPUTY U.S. MARSHAL~~

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Count 1 of the Indictment .

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A. STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.

2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.

3) The defendant shall not illegally use or possess a controlled substance.

4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## B. STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# C. SUPERVISED RELEASE
# ADDITIONAL CONDITIONS

**SUBSTANCE ABUSE**

[X] The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

**MENTAL HEALTH**

[X] The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

**ACCESS TO FINANCIAL INFORMATION**

[X] The defendant shall provide the probation officer with access to any requested financial information.

**CREDIT RESTRICTION**

[X] The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer.

**GAMBLING**

[X] The defendant shall satisfactorily participate in a program approved by the probation officer for gambling addiction treatment.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 558,582.08 |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . $

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ The interest requirement is waived.
- ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until ____________________. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name and Address of Payee | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|
| Equi-Credit<br>c/o Law Office of William M. Rudow<br>5603 Newbury Street<br>Baltimore, MD 21209 | $308,582.08 | |
| Fidelity National Title Insurance Company<br>6301 Ivy Lane - Suite 610<br>Greenbelt, MD 20770 | $250,000.00 | |

DEFENDANT: LENISE S_ _ES SE NUMBER: PJM-00-0234

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] Special Assessment shall be paid in full immediately.

B [X] Restitution in the amount $ 558,582.08 shall be paid in full immediately.

C [ ] Not later than ____________________; or

D [ ] Installments to commence _______ day(s) after the date of this judgment.

E [ ] In ____________ (*e.g. equal weekly, monthly, quarterly*) installments of $____________ over a period of _________ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the Bureau of Prisons' Inmate Financial Responsibility Program.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

[ ] in equal monthly installments during the term of supervision; or

[ ] on a nominal payment schedule of $___________ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

[ ] Joint and Several with:

[ ] The defendant shall pay the following costs of prosecution and/or court costs:

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a C...minal Case

# United States District Court

District of Minnesota

UNITED STATES OF AMERICA
v.
LENICE SYKES GIVENS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **02-261(02)(DWF/SRN)**
**Nancy Vanderheider**
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s): **Two and Five of a seven-count Indictment**.
[] pleaded nolo contendere to counts(s) which was accepted by the Court.
[] was found guilty on count(s) after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 8/8/00 | |
| 18 U.S.C. § 1957 | Money Laundering | 8/25/00 | |

RECEIVED FEB 9 10 21 AM '04 US MARSHALS SERVICE MPLS., MN

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on counts(s) .
[X] Count(s) **One, Three, Four and Six** (is)(are) dismissed on the motion of the United States.

Special Assessment Amount $**200.00** in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

**FEBRUARY 5, 2004**
Date of Imposition of Judgment

Signature of Judicial Officer

**DONOVAN W. FRANK**, United States District Judge
Name & Title of Judicial Officer

**FEBRUARY 5, 2004**
Date

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **2/5/50**
Defendant's USM No.: **21405-048**

Defendant's Residence Address:
**Bureau of Prisons**
Defendant's Mailing Address (if different from residence address):
**Same as above.**

A true copy in 6 sheet(s) of the record in my custody.
Certified Feb 5, 2003
by [signature]
Deputy Clerk

Filed ____________
Richard D. Sletten, Clerk
Judgment Entd ____________
Deputy Clerk ____________

DEFENDANT: LENICE SYKES GIVENS
CASE NUMBER: 02-261(02)(DWF/SRN)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 MONTHS. This term consists of 33 months on each of Counts 2 and 5 to be served concurrently to each other. Twenty-one months is to be served consecutive to District of Maryland case PJM-00-0234. It is believed, based on defendant's current release date, the portion of this sentence concurrent to the District of Maryland term will begin June 22, 2005**.

[X] The Court makes the following recommendations to the Bureau of Prisons:

1. **Defendant be returned to FMC-Carswell, Fort Worth, TX, so the defendant can arrive and be prepared for surgery now scheduled for February 14, 2004.**
2. **Defendant be allowed to participate in the 500-hour Residential Drug Abuse Program offered by the Bureau of Prisons if she is eligible.**
3. **Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.**
4. **Defendant participate in the Inmate Financial Responsibility Program while incarcerated.**

[X] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this Judgment.

____________________
UNITED STATES MARSHAL

By ____________________
Deputy U.S. Marshal

DEFENDANT: LENICE SYKES GIVENS
CASE NUMBER: 02-261(02)(DWF/SRN)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS. This term consists of 3 years on each of Counts 2 and 5, all such terms to run concurrently with each other and concurrently with District of Maryland case PJM-00-0234.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[] The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LENICE SYKES GIVENS
CASE NUMBER: 02-261(02)(DWF/SRN)

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

e The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

f The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

g The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

DEFENDANT: LENICE SYKES GIVENS
CASE NUMBER: 02-261(02)(DWF/SRN)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Fine | Restitution |
|---|---|---|
| Totals: | $WAIVED | $242,210.87 |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

[X] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**
**With Maurice Young, District of Minnesota Docket No. 02CR261(01) and James Cork, III, District of Minnesota Docket No. 02CR264(01)**

| Name and Address of Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| AT&T Corporation, 3033 Chainbridge Road D206, Oakton, Virginia 22185, Attention Bonita Melendez | | $242,210.87 | |
| | | | |
| | | | |
| TOTALS: | $0.00 | $242,210.87 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] If applicable, restitution amount ordered pursuant to plea agreement $.

[] The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[] The interest requirement is waived for the [] fine and/or [X] restitution

[] The interest requirement for the: [] fine and/or [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: LENICE SYKES GIVENS
CASE NUMBER: 02-261(02)(DWF/SRN)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [] Payment of $ due and payable immediately

B [] Lump sum payment of $ due immediately, balance due

[] not later than , or
[] in accordance with [] C, [] D, [] E below; or

C [] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

D [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the date of this judgment; or

E [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the release from imprisonment to a term of supervision; or

F [X] Special instructions regarding the payment of criminal monetary penalties:
**Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Payments of not less than $250.00 per month are to be made over a period of 3 years commencing 60 days after release from confinement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**
**With Maurice Young, District of Minnesota Docket No. 02CR261(01) and James Cork, III, District of Minnesota Docket No. 02CR264(01)**

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court costs(s):

# FORFEITURE

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture

CRWJV 540*23 * SENTENCE MONITORING * 12-30-2004
PAGE 002 * COMPUTATION DATA * 16:31:37
AS OF 12-30-2004

REGNO..: 21405-048 NAME: SYKES, LENISE

HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

| | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $200.00 | $00.00 | $00.00 | $00.00 |

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $242,210.87

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 157
OFF/CHG: 18:1343 WIRE FRAUD & 18:1957 MONEY LAUNDERING

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 33 MONTHS
TERM OF SUPERVISION............: 3 YEARS
RELATIONSHIP OF THIS OBLIGATION
TO OTHERS FOR THE OFFENDER....: 33 MO CC, 21 MO CS
DATE OF OFFENSE................: 08-08-2000 something is wrong with this

--------------------CURRENT COMPUTATION NO: [redacted] ----------------

COMPUTATION 040 WAS LAST UPDATED ON 05-17-2004 AT CRW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 080 010, 090 010

DATE COMPUTATION BEGAN..........: 01-31-2003
[redacted] AGGREGATE GROUP 800 PLRA
[redacted] TERM IN EFFECT...........: [redacted]
[redacted] TERM IN EFFECT CONVERTED..: 6 YEARS 6 MONTHS
AGGREGATED TERM OF SUPERVISION..: 3 YEARS
EARLIEST DATE OF OFFENSE........: 04-06-2000

| JAIL CREDIT.....................: | FROM DATE | THRU DATE |
|---|---|---|
| | 04-05-2000 | 04-07-2000 |
| | 08-16-2000 | 08-16-2000 |
| | 05-09-2001 | 05-09-2001 |
| | 04-15-2002 | 01-30-2003 |

1 1/2 Mos
J.C. Missing
arrested in March
Saturday before Easter
2002. I wrote Judge
Mosetti.

G0002 MORE PAGES TO FOLLOW . . .

57
33
90

```
  CRWJV  540*23 *          SENTENCE MONITORING          *      12-30-2004
PAGE 003 OF 003 *            COMPUTATION DATA           *      16:31:37
                             AS OF 12-30-2004

REGNO..: 21405-048 NAME: SYKES, LENISE

TOTAL PRIOR CREDIT TIME.........: 296
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 282
TOTAL GCT EARNED................: 81
STATUTORY RELEASE DATE PROJECTED: 12-30-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-07-2008

PROJECTED SATISFACTION DATE.....: 12-30-2007
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: UPDATED COMPUTATION TO REFLECT ADDITIONAL JUDGEMENT
                DKT # 02-261(02)(DWF/SRN) ORDDERS 33 MONTHS CONCURRENT AND
                21 MONTHS CONSECUTIVE TO DKT PJM-00-0234, TIE=78 MONTHS




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```