RECEIVED
BY MAIL
FEB 0 7 2005
CLERK, US DIST. COURT

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District OF MINNESOTA, AT ST. PAUL, MN | |
|---|---|---|
| Name of Movant LENISE GIVENS SKINNER SYKES | Prisoner No. 21405-048 | Case No. 02CR00261002 (DWF) |
| Place of Confinement FEDERAL MEDICAL CENTER CARSWELL, FORT WORTH, TEXAS. | CV05293 DWF | |

UNITED STATES OF AMERICA v. LENISE GIVENS SKINNER SYKES
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MINNESOTA, AT ST. PAUL, MINNESOTA

2. Date of judgment of conviction FEBURARY 5TH, 2004.

3. Length of sentence TWO 33 MONTH SENTENCES RUNNING CONCURRENTLY WITH EACH OTHER, AND 21 MONTHS OF OUT OF THE 33 MONTHS TO RUN CONSECTIVELY

4. Nature of offense involved (all counts)
MONEY LAUNDERING AND WIRE FRAUD

5. What was your plea? (Check one)
(a) Not guilty ☐
(b) Guilty ☒
(c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
N/A ENTERED GUILTY TO BOTH COUNTS

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury ☐
(b) Judge only ☐
N/A

7. Did you testify at the trial?
Yes ☐ No ☐ N/A

8. Did you appeal from the judgment of conviction?
Yes ☐ No ☐
N/A

SCANNED
FEB 0 9 2005
U.S. DISTRICT COURT ST. PAUL

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court N/A

(b) Result N/A

(c) Date of result N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MINNESOTA AT ST. PAUL, MINNESOTA.

(2) Nature of proceeding MOTION TO CORRECT THE CURRENT J/C.

(3) Grounds raised THE PETITIONER AGREED TO PLEAD GUILTY TO THE TWO MENTIONED CHARGES. THE COURT AND ACCEPTED THE PLEA, BASED UPON THE FACTS, THAT THERE WOULD BE A CAP OF 21 MONTHS TO SERVE IN PRISON. THE COURT STATED ON THE RECORD, THAT IF IT WASNOT GOING TO GO ALONG WITH THE PLEA-AGREEEMENT, IT WOULD ALLOW ME TO WITH-DRAW THE PLEA AGREEMENT. THE PETITIONER HEREIN, THOUGHT THAT THE ONLY TIME SHE WAS SERVING WAS THE TWENTY-ONE MONTH SENTENCE. NOT 33 MONTHS. REGARDLESS ON HOW YOU LOOK AT THE SENTENCING, IT WAS NOT WHAT THE PETITIONER AGREED UPON. AND THE COURT DID IN FACT STATE THAT IT WOULD ONLY IMPOSE A TWENTY ONE MONTH SENTENCE.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒ NOT YET

(5) Result

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding N/A

(3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐
n/a

(5) Result ______

(6) Date of result ______

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐ N/A
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: THE PETITIONER AS PREVIOUSLY MENTIONED TO PLEAD GUILTY WITH THE UNDERSTANDING THAT THE CAP OF 21 MONTHS WOULD BE ALL THAT THE PETITIONER HAD TO SERVE IN PRISON. NOT 33 MONTHS. The Court was mislead because the 12 months that is left on thepetitioner Maryland Sentence does not exsit.

Supporting FACTS (state *briefly* without citing cases or law) The Pre-Trial Investigaor was told that the petitioner Federal Sentence would end, on 6/22/ 06. That was full term Expiration( USDC MARYLAND). Howeverm, this was not correct. The petitioner Maryland Sentence ends around April or May, 2006, with Good Time Credits. Which means That 12 months of the 33 months can not run currently with the UDSC MD. Sentence. Secondly, when the Cap was put on the total amount of months the petitioner would serve in Prison, it was for 21 months. And that was what the petitioner thought had happened. Until she recieved her Federal Sentence Computation. And the US BOP'S has added the 33 months the Court Sentence the petitioner to, to her USDC Maryland Sentence. Which means she is serving more time in prison than she was told by the Court, she would have to serve.

B. Ground two: Secondly, the Court has imposed upon the petitioner, Drug after-care and the United States BOP'S via RDAP has made a ruling that the petitioner does not have a drug History or Problem. Thus, deriying her RDAP.

Supporting FACTS (state *briefly* without citing cases or law): If the petitioner does not have a drug problem, then how can the Court impose drug programing and testing upon the petitioner. When the petitioner and her Unit Team tried to get the petitioner into the Drug program, the RDAP persons stated that they did not have to go by the Court Recommendation. This is the Second reason that the petitioner agreed to plead guilty.

C. Ground three: The last ground is a ground that the petitioner should have reminded the Court. Regarding Restitutation. This Court in a prior proceeding had entered a Judgement against the petitioner, in ATT vs. Bernie Givens, aka Lenise Sykes, Maurice Young and Cork.

Supporting FACTS (state *briefly* without citing cases or law): When a Court enter's aJudgement prior to to the Criminal Proceedings taking place. The Court can not Order that the defendant pay Restitution while serving her Federal Sentence. To do so, this would be a violation of Collatral Estoppel. The petitioner agrees that she should make here part of the Restitution, but the payments should start like all the rest of her co/defendants, espcially because the petitioner like all federal prisoner now have to pay for a lot of their medicine.

AO 243 (Rev. 5/85)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒ ONLY A MOTION TO REAPPOINT THE PREVIOUS DEFENSE ATTORNEY.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: NANCY VANDERMERE

(a) At preliminary hearing NO

(b) At arraignment and plea YES

(c) At trial
NA

(d) At sentencing YES

AO 243 (Rev. 5/85)

(e) On appeal N/A?

(f) In any post-conviction proceeding
N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒XX

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Lenise Sirena Skinner Syfer 21405-048
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on Lenise Skinner Syfer 21405048

1/27/2005
(date)

THERESA M. PENA NOTARY PUBLIC STATE OF TEXAS EXPIRES 7-21-2007

Signature of Movant