**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lenise Sykes Givens, a/k/a Bernie L. Givens, a/k/a Lenise Givens Skinner Sykes,

Criminal No. 02-261(2) (DWF/SRN)

Petitioner-Defendant,

v.

**ORDER**

United States of America,

Respondent-Plaintiff.

---

Lenise Sykes Givens, *Pro Se*, #21405-048, Petitioner-Defendant.

Nancy R. Vanderheider, Esq., Vanderheider Law Office, former counsel for Petitioner-Defendant.

John R. Marti, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

---

This matter is before the Court upon the self-styled motion of Petitioner-Defendant Lenise Givens Skinner Sykes ("Petitioner-Defendant") made pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct her sentence (Doc. No. 83). Petitioner-Defendant has also moved the Court for the appointment of her previous defense counsel (Doc. No. 81). The Government opposes the motions of Petitioner-Defendant.

Petitioner-Defendant is currently incarcerated at the Federal Medical Center - Carswell, Fort Worth, Texas ("FMC - Carswell"). Petitioner-Defendant was sentenced on January 31, 2003, in the District of Maryland to a 57-month sentence for conspiracy. She also received a 33-month sentence imposed by the undersigned on February 5, 2004, for wire fraud and money laundering, of which 21

months of the 33 months was ordered to be served consecutive to the District of Maryland case. The parties apparently agree that the Bureau of Prisons has informed them that Petitioner-Defendant is currently serving a 78-month sentence aggregate for the two sentences and has a projected release date of December 30, 2007, assuming the application of accrued good time conduct.

The Plea Agreement in this case (Doc. No. 75), signed by all parties, specified at paragraph 5.j. as follows:

> j. Sentencing recommendation. Because the defendant is serving an undischarged sentence of imprisonment, the parties understand that the Court may impose a sentence to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. The parties agree to jointly recommend to the Court that it impose a sentence with 21 months to run consecutive to the prior undischarged term of imprisonment.

Contrary to Petitioner-Defendant's assertions in her pleadings, that is precisely what the Court did. The Court sentenced consistent with the Guidelines and consistent with the Plea Agreement. The Court also recommended to the Bureau of Prisons that, over the period of incarceration, Petitioner-Defendant make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. As part of those recommendations to the Bureau of Prisons, the Court directed that Petitioner-Defendant participate in the Inmate Financial Responsibility Program while incarcerated.

The Court would note that a proper venue for Petitioner-Defendant's claims concerning the actions of the Bureau of Prisons is the District of incarceration, not the District of conviction. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484 (1973). Petitioner-Defendant is incarcerated at FMC -

Carswell, and therefore the proper venue is in the Northern District of Texas, after she has properly exhausted her available administrative remedies with the Bureau of Prisons.

Petitioner-Defendant has also requested reappointment of defense counsel. First, the Court would note that in a letter received from prior defense counsel, dated February 7, 2005 (Doc. No. 82), Ms. Vanderheider confirmed that the sentence reflected and the judgment of this Court followed the agreement reached between counsel for the parties and the Court.

The appointment of counsel is clearly authorized by statute if "the interests of justice so require." Pursuant to 18 U.S.C. § 3006A(a)(2)(b), the decision as to whether such an appointment actually should be made is purely discretionary. *U.S. v. Degand*, 614 F.2d 176, 178 (8th Cir. 1980). There is no constitutional or statutory right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the Court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the Court should consider in determining whether to appoint counsel are the actual complexity of the case, the ability of the petitioner to present her claims, the complexity of the legal issues, and whether both the petitioner and the Court would benefit from representation by counsel for both parties. *McCall*, 114 F.3d at 756.

The Court finds that neither the facts nor the legal issues raised in Petitioner-Defendant's motion are so complex as to warrant appointment of counsel. The grounds for relief set forth in Petitioner-Defendant's motion are clear and the Court finds that there is no reason to believe that appointment of counsel is necessary to fairly resolve the issues before it. The Court concludes that the appointment of

counsel would not substantially benefit either the Petitioner-Defendant or the Court. Petitioner-Defendant's motion for reappointment of counsel will therefore be denied.

Notwithstanding the Court's opinion on this matter, the Court will nonetheless observe that it is always unfortunate when a defendant does not feel that justice was achieved and that the sentence was not carried out as intended. In this case, it is apparent that Petitioner-Defendant also alleges that the Bureau of Prisons has not acted consistent with the recommendation of the Court. In any event, it is always unfortunate when a defendant feels that they have been treated unfairly, which is quite clearly the view of Petitioner-Defendant.

The Court takes no position as to whether Petitioner-Defendant has any cause of action pursuant to 28 U.S.C. § 2241 in the Northern District of Texas, assuming she remains incarcerated at FMC - Carswell.

Based upon the presentations and submission of the parties, the Court having carefully reviewed the procedural history of this case and the sentence and the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Lenise Sykes Givens' motion and request for reappointment of counsel (Doc. No. 81) is respectfully **DENIED**.

2. Petitioner-Defendant Lenise Sykes Givens' motion to vacate, set aside, or correct her sentence (Doc. No. 83) is respectfully **DENIED**.

3. Petitioner-Defendant Lenise Sykes Givens' motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Dated: March 21, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court